UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Olandio Ray Workman, ) | Civil Action No.: 6:16-cv-04002-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Dorothy Manigault; ) | |
| John I. Mauldin; ) | |
| Greenville County Public Defenders Office; ) | |
| Bill M., *Engineered Product Inc. Co.*; ) | |
| Montre Jeter; ) | |
| Caleb Davis; ) | |
| Chris Mattern; ) | |
| Tee Brokiskie; and ) | |
| Michael Compos, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Olandio Ray Workman, a state pretrial detainee proceeding pro se, brings multiple claims against multiple defendants. *See* ECF Nos. 1 & 1-1. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina.[1] *See* R & R [ECF No. 10]. The Magistrate Judge recommends that the Court summarily dismiss this action without prejudice. R & R at 4.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's

---

[1] The Magistrate Judge reviewed Plaintiff's pleadings pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**Background**

Plaintiff initiated this action by filing three separate documents mailed in the same envelope. *See* ECF Nos. 1, 1-1, & 1-2. The first document is a form "Complaint for a Civil Case" containing blanks with Plaintiff's handwritten responses; he names three defendants—Dorothy Manigault, John I. Mauldin, and the Greenville County Public Defenders Office ("GCPDO")—and alleges constitutional violations relating to his ongoing criminal prosecution.² ECF No. 1. The second document is a mostly

---

² The Greenville County Public Index indicates that Petitioner has been indicted on charges of kidnapping, domestic violence of a high and aggravated nature, possession of a weapon during a violent crime, and possession of a firearm or ammunition by a person convicted of a violent felony, and that these charges are still pending. *See State of South Carolina v. Olandio Ray Workman*, available at https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (case numbers 2016A2330208655, 2016A2330208657, 2016A2330208658, and 2016A2330208659) (last visited Apr. 13, 2017). Regarding those

2

handwritten complaint[3] that names six defendants—"Bill M.," Montre Jeter, Caleb Davis, Chris Mattern, Tee Brokiskie, and Michael Compos—and contains allegations relating to his employment at Engineered Products Corporation, a manufacturing plant in Greenville County.[4] ECF No. 1-1. The third document is a "Motion of Discovery" in which Plaintiff states he "need[s] a copy of [his] bond hearing court video" and other various other items. ECF No. 1-2.

The Magistrate Judge has issued an R & R treating this case as a single action brought pursuant to 42 U.S.C. § 1983 and recommending summarily dismissal for failure to state a claim because the defendants were not acting under color of state law and therefore are not amenable to suit under § 1983. R & R at 1, 3-4.

Plaintiff has filed objections to the R & R in which he states, "I sent two lawsuits not one. . . . We have 2 different lawsuits combined as one[.] We need to make them two." Pl.'s Objs. [ECF No. 14] at 1. Plaintiff claims that "lawsuit number 1" involves his claims against Manigault, Mauldin, and the GCPDO[5] and that "lawsuit number two" involves his claims against Bill M., Jeter, Davis, Mattern, Brokiskie, and Compos. *Id.* at 1, 9-10, 13. Plaintiff asserts that the lawsuits "have

---

charges, Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. *See Workman v. State of South Carolina et al.*, Case No. 6:17-cv-00767-RBH-KFM (docketed Mar. 20, 2017).

[3] The second document (which is mostly handwritten) follows the same format as the "Complaint for a Civil Case" form. *See* ECF No. 1-1.

[4] Plaintiff indicates his claims against these six defendants arise under the Racketeer Influenced and Corrupt Organizations Act, and he further indicates he has a charge filed with the Equal Employment Opportunity Commission. ECF No. 1-1 at 7. In his objections, Plaintiff indicates his claims against these six defendants also arise under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, the Age Discrimination in Employment Act, and 42 U.S.C. § 1983. Pl.'s Objs. at 13.

[5] In his objections, Plaintiff names a fourth defendant involved in "lawsuit number 1"—"Perry H. Gravely Circuit Court Judge"—that he did not name in his original complaint, alleging Judge Gravely refused to give him a bond. Pl.'s Objs. at 1, 6-9, 11. Additionally, Plaintiff expands upon his original allegations against Manigault, and submits copies of complaints filed with the Office of Disciplinary Counsel of the Supreme Court of South Carolina against Judge Gravely, Manigault, and Mauldin. *Id.* at 2-4, 7-8.

3

nothing to do" with one another and that "[i]t was a file error" to have them combined into a single action. *Id.* at 9, 13. Besides his objections, Plaintiff has also filed a document that the Clerk docketed as a "Motion case to be divided into 2 separate cases." ECF No. 13.

**Discussion**

**I.      First Complaint/Group of Defendants: Manigault, Mauldin, and the GCPDO**

Plaintiff specifically objects to the Magistrate Judge's proposed finding that Manigault and Mauldin, who are public defenders,[6] are not amenable to suit under § 1983 because they were not acting under color of state law.[7] Pl.'s Objs. at 11-12. Plaintiff cites two cases—*Powers v. Hamilton County Public Defender Commission*, 501 F.3d 592 (6th Cir. 2007), and *Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005)—in which the Sixth and Fifth Circuits concluded criminal defense attorneys' actions were under the color of state law. *Id.* at 12. Plaintiff apparently believes these cases permit him to maintain § 1983 claims against Manigault and Mauldin. However, the Court finds both cases are clearly distinguishable. *Powers* involved an exception to the general rule "that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal

---

[6]      Plaintiff's complaint indicates that Manigault is his attorney and that Mauldin is her supervisor. ECF No. 1 at 2, 4.

[7]      Plaintiff does *not* specifically object to the Magistrate Judge's recommendation concerning the GCPDO. *See Diamond*, 416 F.3d at 315 (stating that in the absence of specific objections to the R & R, the Court reviews only for clear error). Plaintiff also purports to object to the Magistrate Judge's recommendation concerning Judge Gravely. Pl.'s Objs. at 11. However, the Magistrate Judge made no such recommendation because Judge Gravely was not named as a defendant in Plaintiff's original complaint. To the extent Plaintiff is attempting to amend his complaint to add Judge Gravely as a defendant, the Court finds such amendment would be futile because Plaintiff's allegations relate entirely to judicial acts of Judge Gravely. *See King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) ("The Supreme Court has held that judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983, under certain conditions. *Pierson v. Ray*, 386 U.S. 547 (1967). The Supreme Court stated that the common law has long recognized the 'immunity of judges from liability for damages for acts committed within their judicial jurisdiction,' even if such acts were allegedly done either maliciously or corruptly. *Id.* at 554[.]"); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (stating leave to amend should be denied if the amendment would be futile).

4

proceeding."[8] *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). *Ballard* involved a plaintiff's allegation that his constitutional rights were violated when private attorneys conspired with a state court judge to keep the plaintiff in jail until he paid certain debts, and therefore the private attorneys could not be dismissed on the basis that they were not state actors. 413 F.3d at 518-20. Neither *Powers* nor *Ballard* (which are nonbinding authority) are applicable to the instant case, and the Court agrees with the Magistrate Judge that Manigault and Mauldin are not amenable to suit under § 1983. *See Polk*, *supra*; *Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980) (holding court-appointed attorneys are not amenable to suit under § 1983 because they do not act under color of state law). Accordingly, the Court will summarily dismiss Plaintiff's claims against Manigault, Mauldin, and the GCPDO.

## II. Second Complaint/Group of Defendants: Bill M., Jeter, Davis, Mattern, Brokiskie, and Compos

The Magistrate Judge recommends dismissing Bill M., Jeter, Davis, Mattern, Brokiskie, and Compos because they were not acting under color of state law and are therefore not amenable to suit under § 1983. R & R at 3. In his objections, Plaintiff asserts that his lawsuit against these six defendants should be a separate action because it has "nothing to do" with his lawsuit against Manigault, Mauldin, and the GCPDO. Pl.'s Objs. at 1, 9-10, 13. In addition to his objections, as mentioned above, Plaintiff has filed a document that the Clerk has docketed as a "Motion case to be divided into 2 separate cases." ECF No. 13.

Having carefully studied Plaintiff's filings and assertions, the Court recognizes Plaintiff intended to file two separate actions: (1) one against Manigault, Mauldin, and the GCPDO and (2) another

---

[8] *Powers* involved two exceptions to the general rule in *Polk County*: (1) "'that a public defender [may] act under color of state law while performing certain administrative and possibly investigative functions,'" and (2) "the existence of an unconstitutional policy." 501 F.3d at 612 (quoting and citing *Polk Cty.*, 454 U.S. at 325-26).

5

against Bill M., Jeter, Davis, Mattern, Brokiskie, and Compos. The confusion apparently arose when Plaintiff filed two complaints in a single envelope. The Court further notes Plaintiff's claims against the first group of defendants have nothing to do with the claims against the second group[9]—having all parties in a single action creates a misjoinder scenario. Consequently, **the Court will grant Plaintiff's motion to divide this case into two separate actions and will sever Plaintiff's claims against Bill M., Jeter, Davis, Mattern, Brokiskie, and Compos into a separate case with a separate filing number.** *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *Lim v. Tisack*, No. 7:16-CV-00029, 2016 WL 4474243, at *3 (W.D. Va. Aug. 23, 2016) ("[W]hen a party is misjoined, a district court has two remedial options under Rule 21: first, it can drop the party; [or] second, it can sever the party.").[10] Once this separate case is opened, the Magistrate Judge should screen Plaintiff's complaint against these six defendants pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2).

## Conclusion

The Court has thoroughly reviewed the entire record, including Plaintiff's two separate complaints, the R & R, and Plaintiff's objections. *See* ECF Nos. 1, 1-1, 10, & 14. For the foregoing reasons, the Court adopts in part and rejects in part the R & R [ECF No. 10]. Specifically, the Court

---

[9] As explained in Footnote Four of this Order, Plaintiff's claims against the second group of defendants relate to his employment and are not brought exclusively under § 1983.

[10] *See also McCoy v. Willis*, No. CA 4:07-cv-3563-PMD-TER, 2008 WL 4221745, at *5 (D.S.C. Sept. 15, 2008) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." (alterations in original) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007))).

**ADOPTS** the Magistrate Judge's recommendation concerning Defendants Dorothy Manigault, John I. Mauldin, and the Greenville County Public Defenders Office and **DISMISSES** this action *against these three defendants without prejudice and without issuance and service of process*. The Court **DENIES as moot** Plaintiff's Motions for Issuance of Subpoena [ECF Nos. 5 & 21] and Motion to Appoint Counsel [ECF No. 12].

However, the Court respectfully **REJECTS** the Magistrate Judge's recommendation concerning Defendants Bill M., Montre Jeter, Caleb Davis, Chris Mattern, Tee Brokiskie, and Michael Compos. The Court **GRANTS** Plaintiff's motion to divide this case into two separate cases [ECF No. 13] and **SEVERS** Plaintiff's claims against Bill M., Jeter, Davis, Mattern, Brokiskie, and Compos into a separate action. **The Court DIRECTS the Clerk to open a separate case with a separate filing number listing Bill M., Montre Jeter, Caleb Davis, Chris Mattern, Tee Brokiskie, and Michael Compos as the defendants. The Court further DIRECTS the Clerk to docket the following materials from the current case as the complaint in the new case: (1) all seven pages of ECF No. 1-1 and (2) page 13 of ECF No. 14.** The Magistrate Judge should screen the new case pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
April 13, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge